UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JONATHAN PADILLA,
      Plaintiff,

vs.                                           Civil No. 14-CV-24687-
                                           Graham/Simonton

BUSINESS LAW GROUP P.A.,
CARMEL AT THE CALIFORNIA CLUB
PROPERTY OWNERS ASSOCIATION, INC,
      Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF BUSINESS LAW GROUP, P.A.

Defendant, Business Law Group, Inc., (hereinafter "BLG"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff, and states the following:

1. Admitted for jurisdictional purposes only that Plaintiff is attempting to state claims under the referenced statutes. Denied that Plaintiff is entitled to a judgment in his favor and denied that Defendants have any liability.

2. Denied.

3. Denied.

### JURISDICTION AND VENUE

4. Admitted for jurisdictional purposes only.

5. Admitted that venue is propr.

6. Admitted that any damages that Plaintiff may have suffered, which Defendant contends are non-existent, do not exceed $5,000.

### PARTIES

7. Without knowledge sufficient knowledge to properly admit or deny the allegations, therefore denied (hereafter "Without knowledge.").

8. Admitted.

9. Admitted.

10. Denied.

## BACKGROUND

11. The document speaks for itself.  Exhibit A is incomplete. Without knowledge as to when Plaintiff received it. Otherwise, denied.

12. The document speaks for itself; otherwise, denied.

13. The document speaks for itself.  Without knowledge as to when the letter was sent. Otherwise, denied.

14. The document speaks for itself; otherwise, denied.

15. The document speaks for itself; otherwise, denied.

16. The document speaks for itself.  Without knowledge as to when the letter was sent. Otherwise, denied.

17. The document speaks for itself.  Without knowledge as to when the letter was sent. Otherwise, denied.

18. The document speaks for itself; without knowledge as to when Plaintiff saw it.

19. Denied.

20. Denied.

21. Denied.

## COUNT I
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72 BY BUSINESS LAW GROUP P.A.

22. BLG repeats and realleges each and every answer to paragraphs 1 through 21 as if fully set forth herein.

23. Admitted.

24. Denied.

25. Denied.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), 15 U.S.C. §1692 BY DEFENDANT BUSINESS LAW GROUP P.A.

26. BLG repeats and realleges each and every answer to paragraphs 1 through 21 as if fully set forth herein.

27. Denied.

28. Denied.

29. (a) Denied.

   (b) Denied.

   (c) Denied.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559.72 BY DEFENDANT CARMEL AT THE CALIFORNIA CLUB PROPERTY OWNERS ASSOCIATION, INC.

The allegations in this count are directed at a party other than BLG, and BLG is not required to respond. To the extent that these allegations may expressly or impliedly seek to establish wrongdoing or liability on the part of BLG, then they are hereby denied.

## COUNT IV
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), 15 U.S.C. §1692 BY DEFENDANT CARMEL AT THE CALIFORNIA CLUB PROPERTY OWNERS ASSOCIATION, INC.

The allegations in this count are directed at a party other than BLG, and BLG is not required to respond. To the extent that these allegations may expressly or impliedly seek to establish wrongdoing or liability on the part of BLG, then they are hereby denied.

All allegations of the complaint not specifically admitted in this answer are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRAMTIVE DEFENSE

Regarding the nature of the debt, Plaintiff merely states in an improper, conclusory manner (see paragraph 20 of the complaint) that "[t]he communications in question here are all related to the collection of a consumer debt." To the extent that any of the money claimed to be due from Plaintiff related to any rental of the subject condominium unit, or came due during any such period of rental, or is related to any other usage of the unit by Plaintiff as investment, then Plaintiff's claims must fail because the sums owed would not be "debt" as defined in the FDCPA and the FCCPA. Both the FDCPA and FCCPA define debt to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for <u>personal, family, or household purposes</u>, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. § 1692a(5) and Fla. Stat. §559.55(1) (emphasis added). It is true that certain courts, after analyzing the above-quoted statutory language, have held that condominium assessments are "debt" under the FDCPA. See <u>Abby v. Paige</u>, 2011WL1256614 (S.D. Fla. 2011) and cases cited therein. However, if the unit is an investment or rental property, then the assessments and related charges at issue are essentially expenses related Plaintiff's investment activities are not for "personal, family, or household purposes . . . ." See <u>Baird v. ASA Collections</u>, 910 N.E.2d 780, 786-87 (Ind. App. 2010) (holding, in a case involving assessments owed to a homeowner's association, that the FDCPA did not apply because the subject lots were investments and the sums owed were thus not "debt" as defined in the statute).

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief may be granted.  The allegations contained in the complaint, even if taken as true, do not establish the necessary elements of a violation of the statutes sued upon.  Plaintiff fails to plead facts (as opposed to conclusory supposition) that would support the allegations of supposed violations set forth in paragraphs 25 and 29 of the complaint.  Further, as the claims are based upon the collection letters attached as exhibits to the complaint, the claims must fail because the clear terms and language in the collection letters rebut the allegations that the letters are in violation of the statutes.  As well, Plaintiff's own letters attached to the complaint contain statements that that his request is not for "verification" but for "VALIDATION" (all caps in the original).  Additionally, as noted in the preceding affirmative defense, Plaintiff has failed to sufficiently allege facts to show that the money sought by the condominium association is "debt" as defined by the subject statutes.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims under the FDCPA and the FCCPA are barred because, to the extent that if there were any violations of those statutes, the same were inadvertent, unintentional, bona fide errors that occurred notwithstanding the fact that BLG maintained measures reasonably adopted to avoid any such errors, including, inter alia, use of methods and software designed to ensure accuracy of collection communications and designed to adhere to the requirements of Florida Statutes section 718.116 (governing collection of delinquent assessments).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel based, inter alia, on Plaintiff's acknowledgement through communications with one or more Defendant of the validity of some or all of the debt, and through his voluntary payment of some of the debt.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent of his failure to mitigate his damages including, inter alia, by failing to pay all sums owed in a timely manner.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Florida's litigation privilege, as the actions described in the complaint, to the extent that Plaintiff can establish them, were necessarily preliminary to judicial proceedings.  The notice letters attached are prerequisites set out in Florida Statutes Chapter 718 to the maintenance of an assessment lien foreclosure proceeding.  See *Echevarria, Mccalla, Raymer, Barrett & Frappier, etc., et al., v. Cole,* 950 So.2d 380 (Fla. Fla. 2007) (holding that the litigation privilege applies to all causes of actions including, including statutory causes of action) and  *Pledger v. Burnup & Sims, Inc.,* 432 So.2d 1323, 1326 (discussing Florida case law holding that the privilege also applies to acts that are necessarily preliminary to a judicial proceeding).

WHEREFORE, the Defendant, Business Law Group, P.A., respectfully requests this Honorable Court enter judgment against the Plaintiff on all counts, award attorney's fees to BLG, and award any further relief that this Court deems necessary.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 13, 2015 the foregoing document was

electronically filed with the Clerk of the Court using CM/ECF and that a copy was also served via

email on Plaintiff at jpadilla01@hotmail.com

                                   */s/ Scott C. Davis*
**Bruce M. Rodgers Esq.**
Florida Bar: # 0908215
**Scott C. Davis, Esq.**
Florida Bar: #0022799
**Candice J. Gundel Esq.**
Florida Bar: # 0093642
Primary Email: cgundel@blawgroup.com
Secondary Email: Service@BLawGroup.com
**Business Law Group, P.A.**
301 W. PLATT STREET #375
TAMPA, FLORIDA 33606
Phone: (813) 379-3804
Attorney for: Association