UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:14-cv-24687-DLG

JONATHAN PADILLA
    PLAINTIFF,

-v-

BUSINESS LAW GROUP P.A.,
CARMEL AT THE CALIFORNIA CLUB
PROPERTY OWNERS ASSOCIATION INC
    DEFENDANTS.
_____/



### PLAINTIFFS MOTION TO STRIKE DEFENDANT BUSINESS LAW GROUP P.A.'S AFFIRMATIVE DEFENSES AND MOTION TO STRIKE REQUEST FOR ATTORNEYS FEES

Plaintiff, JONATHAN PADLLA, Pro Se, (hereinafter, "plaintiff"), pursuant to Federal Rule of Civil Procedure 12(f) hereby files this Motion to Strike Defendant BUSINESS LAW GROUP P.A.'s (hereinafter BLG), Affirmative Defenses and Motion to Strike Request for Attorneys' Fees and Incorporated Memorandum of Law and further states as follows:

### INTRODUCTION AND BACKGROUND

1. This case arises from a series of debt collection attempts made by BUSINESS LAW GROUP P.A. (hereinafter, "Defendant" or "BLG"). Complaint, Docket No. 1

2. The debt collection attempts, as alleged, violate the Florida Consumer Collection Practices Act (hereinafter, the "FCCPA") and the Fair Debt Collection Practices Act (hereinafter, the "FDCPA").

3. Defendant BLG filed its Answer and raised Affirmative Defenses related to Plaintiff's Complaint on January 13, 2015. See Docket No. 10.

1

# **MEMORANDUM OF LAW**

I. **Legal Standard on a Motion to Strike Affirmative Defenses**

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or in partly, by asserting new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). It is well-established that courts have broad discretion to strike insufficient affirmative defenses. Fed. R. Civ. P. 12(f); *Microsoft Corp. v. Jesse's Computers and Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002). Rule 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any insufficient defense..." Courts have found that striking affirmative defenses with no basis in law or factual support is "extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome." *S.E.C. v. Weil, Case* No. 79-440, 1980 U.S. Dist. LEXIS 12144, *2 (M.D. Fla. 1980) ("weeding out legally insufficient defenses at an early stage of a lawsuit is favored").

Pursuant to Rule 8(a), BLG must set forth a short and plain statement of the affirmative defense asserted and sufficient facts to support it. See Fed. R. Civ. P. 8(a); *Home Management Solutions, Inc. v. Prescient, Inc.*, Case No. 07-20608, 2007 U.S. Dist. LEXIS 61608, *8-9 (S.D. Fla. 2007) (striking affirmative defenses for failure to provide sufficient factual support to give fair notice of the nature of the defenses and the grounds on which it rests) (citing *Bell Atlantic Corp. v. Twombly*, 127 US 1955, 1965 (2007)); *Microsoft*, 211 F.R.D. at 684. Courts have firmly and routinely held that a defendant must do more than merely make conclusory allegations. If an affirmative defense contains no more than "bare bones conclusory allegations, it must be stricken." Id. (internal citations omitted).

## II. Discussion

Defendant's affirmative defenses, as outlined below, are legally insufficient and invalid as a matter of law. BLG fails to allege any facts in support of its purported defenses and instead resorts to stating mere conclusions of law that fail to substantiate the deficiencies in its pleading. Further, many of Defendant's affirmative defenses have no basis in law or fact. As a whole, BLG'S bare-bones assertions of their defenses fail to comply with the pleading requirements of Rule 8(a). *See, e.g., Groves v. Dury*, Case No. 2:06-cv-338, 2006 U.S. Dist. LEXIS 62540, *2 (M.D. Fla. 2006) (Steele, J.). Although Rule 8(a) does not obligate a defendant to set forth detailed factual allegations, a defendant must give "fair notice" of the nature of the defense and the grounds upon which it rests. *See Bell Atlantic Corp.*, 550 US 553 (interpreting the requirements of Rule 8 on a motion to dismiss); *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*, Case No. 1:08-cv-00008, 2008 U.S. Dist. LEXIS 99462, *9 (N.D. Fla. 2008) (dismissing affirmative defenses for failure to plead sufficient facts to put the plaintiff sufficiently on notice of what defendants intend to present). BLG'S affirmative defenses are wholly inadequate to provide Plaintiff with proper notice as to what actions, conduct, and facts give rise to such vague, conclusory defenses. In addition to Defendant's failure to set forth any cognizable facts on which to base the affirmative defenses detailed below, BLG'S affirmative defenses should also be stricken because they are invalid as a matter of law. Rule 12(f) provides that the Court should strike any defense that is not legally sufficient. Further, the Court has held an affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft*, 211 F.R.D. at 683. Finally, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re*

3

*Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). An affirmative defense is insufficient if it "simply alleges a defect in the plaintiff's claim." *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, No. 3:09-cv-653-J-20MCR, 2010 U.S. Dist. LEXIS 39938 (M.D. Fla. Mar. 25, 2010). This Court has held that "when a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial...the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." *Id.* (quoting *Home Mgmt' Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007). The insufficiencies of BLG'S affirmative defenses are more specifically and individually discussed below.

    **A.    Defendant's First Affirmative Defense should be Stricken as Legally Insufficient**

BLG's First Affirmative Defense claims that the alleged "Debt" BLG was collecting on does not meet the definition of "Debt", but fails to substantiate their claim in any manner whatsoever. BLG claims that the property was an "investment property" and thus the "Debt" collected does not apply since it does not meet the definition of "Debt' according to the FDCPA based on the BLG's cited case. BLG fails to substantiate this claim citing *Baird v. ASA Collections*, 910 N.E.2d 780, 786-87 (Ind. App. 2010). This citation is knowingly taken out of context for the purpose of misleading the Court to an unjust decision. Plaintiff is not sure why that case would be cited as in this particular case at hand the property was Plaintiffs' homestead property during the periods in which the alleged debt was being collected on without validation. In addition, the Plaintiff in cited case purchased multiple lots at a tax sale rendering them investment properties. BLG has wholly failed to allege any facts in support of this conclusory allegation and as such, BLG's First Affirmative Defense should be stricken as legally insufficient.

### B. Defendant's Second Affirmative Defense should be Stricken as a Matter of Law

In the present matter, BLG's Second Affirmative Defense asserts that "Plaintiff has failed to state a cause of action." This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs, Inc.*, Case No. 8:08-cv-1048, 2008 U.S. Dist. LEXIS 64098, *9 (M.D. Fla. 2008) (holding that defense of failure to state a claim "is a denial of [plaintiff's] claim, rather than an affirmative defense"). Plaintiff has provided concrete evidence of BLG's violations of FDCPA and FCCPA through the detailed paragraphs on the Complaint as well as numerous exhibits. Defendant BLG failed to validate the alleged debt they were collecting on before taking legal action and failed to stop collection efforts until the alleged debt was validated. See complaint and exhibits Docket No. 1. As BLG's Second Affirmative Defense is legally insufficient, the Court should strike it as a matter of law. In the alternative, the Court should re- characterize this affirmative defense and treat it as a denial.

### C. Defendant's Third Affirmative Defense should be Stricken as Legally Insufficient

BLG's third Affirmative Defense states that the Plaintiffs' claims under the FDCPA and FCPA are

> "barred because, to the extent that if there were any violations of those statutes, the same were inadvertent, unintentional, bona fide errors that occurred notwithstanding the fact that BLG maintained measures reasonably adopted to avoid any such errors, including inter alia, use of methods and software designed to ensure accuracy of collection communications….."

Again, BLG has wholly failed to allege <u>any</u> facts in support of this conclusory allegation.

If this defense were true, then why was BLG not able to validate the alleged debt before filing a "Claim of Lien" against Plaintiffs homestead property? Why did BLG not cease collection efforts before the debt was validated? As such, BLG's Third Affirmative Defense should be stricken as legally insufficient.

    **D.**    **Defendant's Fourth Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law**

As its Fourth Affirmative Defense, BLG asserts that "Plaintiff's claim is barred by the doctrine of waiver." BLG, however, has wholly failed to allege any facts in support of this conclusory allegation. BLG's Fourth Affirmative Defense, as alleged, provides only a legal theory, however it provides absolutely no supporting facts or elements of the defense, and fails to indicate how the defense is connected to the case at hand. Plaintiff asked for validation of the alleged debt since communication began with BLG and BLG did not provide it as required by the FDCPA and the FCCPA. Plaintiff at no point in time claimed that the alleged debt was valid and as a result requested validation on numerous occasions, which can be seen on the exhibits filed with the verified complaint. Therefore, BLG's bare-bones conclusion simply does not provide enough factual allegations to put Plaintiff on notice of the defense. *See Curry*, 2008 U.S. Dist. LEXIS 99462 at 10. As such, BLG's Fourth Affirmative Defense should be stricken as legally insufficient and invalid as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

    **E.**    **Defendant's Fifth Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law**

BLG's Fifth Affirmative Defense states "Plaintiff's claims are barred in whole or in part to the extent of his failure to mitigate his damages including, inter alia, by failing to pay all sums owed in a timely manner." Plaintiff does not and has never had any

relationship with BLG. Plaintiff does not and has never had any contractual obligation to pay BLG. Plaintiff requested validation of the alleged debt BLG was collecting via several letters as can been seen on the exhibits filed with the verified complaint Docket No. 1. BLG failed to validate the alleged debt as required by FDCPA and FCCPA. Again, BLG has wholly failed to allege any facts in support of this conclusory allegation and as such, BLG's Fourth Affirmative Defense should be stricken as legally insufficient and as invalid as a matter of law.

### F.   Defendant's Sixth Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law

As its Sixth Affirmative Defense, BLG asserts that "Plaintiff's claims are barred in whole or in part by Florida's litigation privilege, as the actions described in the complaint, to the extent that Plaintiff can establish them, were necessarily preliminary to judicial proceedings." BLG, however, has wholly failed to allege any facts in support of this conclusory allegation. BLG's Sixth Affirmative Defense, as alleged, provides only a legal theory, however it provides absolutely no supporting facts or elements of the defense, and fails to indicate how the defense is connected to the case at hand. Therefore, BLG's bare-bones conclusion simply does not provide enough factual allegations to put Plaintiff on notice of the defense. *See Curry*, 2008 U.S. Dist. LEXIS 99462 at 10. As such, BLG's Fifth Affirmative Defense should be stricken as legally insufficient and invalid as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

### G.   Defendant's Request for Attorney's Fees should be Stricken as Invalid as a Matter of Law

"A prevailing party is ordinarily not entitled to recover attorneys' fees except by

7

contract or statute." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, (1975). BLG asserts in its "Wherefore" clause that "Defendants respectfully request . . . reasonable attorney's fees." Docket No. 10 at pg. 6. Defendant, however, fails to assert any statutory or contractual basis for its entitlement to attorneys' fees. As such, BLG's request for attorneys' fees should be stricken as legally insufficient and invalid as a matter of law. *See Rosada* 2010 U.S. Dist. LEXIS 39938 at **4-5 (striking defendant's request for attorneys' fees due to its failure to assert any statute or contract authorizing an award for attorneys' fees).

## CONCLUSION

**WHEREFORE**, Plaintiff JONATHAN PADILLA, respectfully moves for entry of an Order Striking Defendant's Affirmative Defenses and Request for Attorneys' Fees. In the alternative, Plaintiff respectfully moves for an entry of an Order Re-Characterizing Defendant's Affirmative Defenses, as more specifically outlined above, as Denials and for such other and further relief that the court deems just and proper.

## 7.1(a) CERTIFICATION

Pursuant to Southern District of Florida Local Rule 7.1(a) 3, the undersigned certifies that he has contacted Defendant BLG's counsel in good faith regarding the substance of this motion, and Defendant opposes the relief sought.

Dated: January 22, 2015                                    Respectfully submitted,

                                                           JONATHAN PADILLA
                                                           1293 N University Dr #108
                                                           Coral Springs, Fl 33017
                                                           305-766-9906

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 26 day of January, 2015 by mail delivery to:

*Copies furnished to*:
BUSINESS LAW GROUP P.A.
301 W. Platt St. #375
Tampa, FL 33606

Law Office of Dawn Weiger O'Neill
111 2nd Ave., N.E. Suite 322
Saint Petersburg, Fl 33701
727-385-1326
Counsel for
CARMEL AT THE CALIFORNIA CLUB
PROPERTY OWNERS ASSOCIATION, INC

_____
Jonathan Padilla
1293 N University Dr #108
Coral Springs, Fl 33017
305-766-9906